IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL FORREST JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV510 |
| | ) | |
| DALY SEVEN, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant National Labor Relations Board's ("NLRB") motion to dismiss for lack of subject-matter jurisdiction (Docket Entry 19), and Defendants Daly Seven, Inc. ("Daly Seven") and Jon M. Daly, Jr.'s ("Daly, Jr.") (collectively "Daly Defendants") motion to dismiss for lack of subject-matter jurisdiction and motion for judgment on the pleadings. (Docket Entry 21.) Also before the Court is Plaintiff Michael Forrest Jones' motion for summary judgment. (Docket Entry 29.) All matters are ripe for disposition. For the reasons stated herein, the Court recommends that Defendants' motions to dismiss be granted and Plaintiff's motion for summary judgment be dismissed as moot.

## I. BACKGROUND

Plaintiff filed this Complaint on May 23, 2012 alleging breach of contract, wrongful conversion, fraud and misrepresentation, and malfeasance, misfeasance, nonfeasance and/or negligence against Defendants for actions arising from a labor board dispute. (*See generally* Complaint, Docket Entry 1.) Plaintiff alleges that on November 30, 2011, the NLRB issued a complaint against Daly Seven, charging it with several violations of the National Labor

Relations Act ("NLRA"), including unlawful termination, enforcing unlawful work rules in its workplace and maintaining overly broad work policies. (*Id.* ¶ 6.) On March 2, 2012, Plaintiff and Daly Seven signed a Settlement Agreement which provided, in part, that Daly Seven would pay Plaintiff "in the gross amount of $15, 000.00 for back wages and front pay in lieu of reinstatement, subject to all required state and federal withholdings including, but not limited to, [Plaintiff's] required deductions for his portion of FICA . . . ." (Settlement Agreement, Ex. 1.01 at 3, Docket Entry 1-1.) The check was mailed to Plaintiff on March 15, 2012, and it displayed a federal tax deduction in the amount of $4,327.63. (Compl. ¶¶ 8-9; Check, Ex. 1.02, Docket Entry 1-2.) Plaintiff alleges that such tax withholdings are excessive and amount to "28.5% of the gross amount of $15,000.00." (*Id.*) Plaintiff further alleges that only portions of the settlement are subject to tax withholdings under the Internal Revenue Service. (*Id.* ¶ 9(f)). As a result, Plaintiff asserts that Daly Seven, with the consent of the NLRB, maliciously and intentionally over-withheld taxes denying Plaintiff funds due under the Settlement Agreement. (*Id.* ¶ 9(h)).

Plaintiff also alleges that the NLRB was aware of third-party retaliation against other Daly Seven employees for their participation and cooperation with the NLRB's investigation of Plaintiff's complaint against Daly Seven. (*Id.* ¶ 10.) Plaintiff filed another complaint with the NLRB, which they refused to proceed, "contending that the charges [lacked] merit, in that neither [employees] . . . voluntarily stepped forward to proceed with the charges." (*Id.* ¶ 10(h)). Plaintiff asserts that the NLRB's decision not to act "was motivated by a desire on the part of their Winston-Salem counsel to press a settlement agreement between [Plaintiff] and Daly Seven, Inc." (*Id.* ¶ 12(d)). As such, Plaintiff has asserted claims for wrongful

conversion, fraud and misrepresentation, and malfeasance, misfeasance, nonfeasance and/or negligence against the NLRB. Plaintiff's claims against Daly Seven include breach of contract, wrongful conversion, and fraud and misrepresentation. As for Defendant Daly, Jr., Plaintiff's Complaint alleges that "there is sufficient grounds to charge . . . Jon M. Daly, Jr., with a violation of Section 12 of the National Labor Relations Act. (*Id.* ¶ 29(b)).

The NLRB moves to dismiss Plaintiff's claims against it for lack of subject matter jurisdiction. The NLRB argues that its actions are not subject to judicial review since such actions constitute prosecutorial discretion of the Acting General Counsel. (NLRB's Mem. at 1, Docket Entry 19-1.) In addition, the NLRB asserts that sovereign immunity bars Plaintiff's claims against it. (*Id.* at 13.) The Daly Defendants also move to dismiss Plaintiff's claims against them, arguing that such claims are the exclusive jurisdiction of the NLRB; or alternatively, such claims are preempted by the Internal Revenue Code. (Daly Defs.' Br. at 1-2, Docket Entry 22.) The Daly Defendants also assert that Plaintiff has failed to state a claim against them, thus his claims should be dismissed with prejudice. The Court will first address the NLRB's motion to dismiss.

## II. DISCUSSION

*Subject Matter Jurisdiction*

Subject matter jurisdiction is both a constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l*

*Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredricksburg & Potomoc R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*; *see also Evans*, 166 F.3d at 647.

1. Defendant NLRB

The purpose of the NLRB is to investigate and adjudicate unfair labor practices pursuant to the NLRA. 29 U.S.C. § 160. The NLRB does not initiate procedures regarding resolution of unfair labor practice charges, but rather acts upon the complaints of unions, employers and employees. *See id.* §§ 153(d), 160. After a charge is filed, the regional director, acting on behalf of General Counsel, investigates the charge and determines whether or not a formal complaint should be issued. 29 C.F.R. § 101.8; *NLRB v. United Food and Commercial Workers Union, Local 23*, 484 U.S. 112, 118 (1987). The regional director's decision not to issue a complaint may be appealed to the General Counsel of the NLRB. *Id.* § 101.6; *United Food*, 484 U.S. at 119. If a complaint has been issued and a hearing is scheduled, "it may be disposed of by withdrawal before hearing, settlement, or formal adjudication." *United Food*, 484 U.S. at 119. In instances where a settlement occurs after a complaint has been issued and prior to a hearing, such settlements can be either formal or informal. "'Formal settlement' requires Board approval and is accompanied by the charged party's agreement to a remedial Board order and usually consent to the entry of an

enforcement order in the court of appeals." *Id.* at 120 (citing 29 C.F.R. § 101.9(b)(1)). An "informal settlement" is not subject to the NLRB's approval and does not require an order from the Board. *Id.* at 119-20; 29 C.F.R. § 101.9(b)(2)). The complaint is withdrawn and formal proceedings can be reinstated "should the charged party not fulfill its part of the agreement." *Id.* at 120; 29 C.F.R. §§ 101.7, 101.9(b)(2)). Informal settlements may be appealed to the General Counsel. 29 C.F.R. § 101.9(c)(3)).

With respect to Charge 11-CA-60617, the NLRB argues that the Court lacks jurisdiction to review dismissal of an informal settlement in which no "Board Order" has been issued. It further argues that Plaintiff never filed an administrative appeal of the regional director's decision to dismiss Charge 11-CA-77369. Moreover, the NLRB contends that this suit in which Plaintiff seeks damages is barred by sovereign immunity. Plaintiff argues that *United Food* is inapplicable here, and that the NLRB "cannot claim prosecutorial discretion as authority, or as a cover, to obtain a Settlement Agreement by misconduct, corruption and fraud, and then *refuse to enforce it in any way at all* as part of the same pattern of misconduct, corruption, fraud and collusion with the charged party." (Pl.'s Br. at 8, Docket Entry 23) (emphasis in original). Plaintiff also argues that the Court has jurisdiction to hear his fraud, misrepresentation and wrongful conversions claims pursuant to the Federal Tort Claims Act ("FTCA").

As to claims against the NLRB, Plaintiff essentially asks the Court for a review and an investigation of the regional director's decision not to issue a formal complaint as to Charge 11-CA-77369, and its decision not to reinstate Charge 11-A-60617 to continue prosecution against Daly Seven in that matter. However, if such actions are nothing more than

prosecutorial decisions by and under the General Counsel's authority, the Court lacks jurisdictional authority to engage in judicial review. *United Food*, 484 U.S. at 129. The Supreme Court in *United Food* held that "it is a reasonable construction of the NLRA to find that until the hearing begins, settlement or dismissal determinations are prosecutorial." *Id.* at 125-26. In that case, a local union, the United Food Workers Union, filed unfair labor practice complaints with the NLRB alleging that Charley Brother, Inc. and the United Steelworkers Union improperly executed a collective bargaining agreement. *Id.* at 115-16. The regional director of the NLRB investigated the allegations and ultimately filed a formal complaint, and a subsequent complaint. *Id.* at 115. Prior to a hearing scheduled for December 4, 1984, the charged parties and the regional director came to a settlement agreement in which the respondent, the United Food Workers Union, refused to join. *Id.* at 115-16. All parties entered the settlement agreement except the United Food Workers union, which challenged the decision of the Regional Director before the General Counsel. *Id.* at 116. The General Counsel sustained the settlement and the United Food Workers Union sought review in the Third Circuit Court of Appeals. *Id.*[1] Relying on its holding in *Leeds*,[2] the Court of Appeals ruled on the merits of the case after finding jurisdictional authority over the matter. *Id.* To settle conflicting rulings amongst the Court of Appeals, the Supreme Court in *United Food* addressed the issue of judicial review, specifically in the context of "postcomplaint, prehearing informal settlement[s]." *Id.* at 123. It held that "[t]he

---

[1] *See United Food & Commercial Workers Union, Local No. 23, AFL-CIO-CLC v. N.L.R.B.*, 788 F.2d 178 (3d Cir. 1986) *rev'd sub nom. N.L.R.B. v. United Food & Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112 (1987) and *vacated sub nom. United Foods & Commercial Workers Union, Local No. 23, AFL-CIO-CLC v. N.L.R.B.*, 840 F.2d 171 (3d Cir. 1988).

[2] *See Leeds & Northrup Co. v. N. L. R. B.*, 357 F.2d 527, 536 (3d Cir. 1966) *abrogated by N.L.R.B. v. United Food & Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112 (1987).

General Counsel's unreviewable discretion to file and withdraw a complaint, in turn, logically supports a reading that he or she must also have final authority to dismiss a complaint in favor of an informal settlement, at least before a hearing begins." *Id.* at 126.

Turning to the present case, the crux of Plaintiff's claims against the NLRB are based upon its prosecutorial decisions related to Charges 11-CA-77369 and 11-A-60617. Under his fraud and misrepresentation claim, Plaintiff asserts that "the NLRB intentionally refused to pursue retaliation charges in the matter of Daly Seven's hereinbefore described treatment of [employees] Leah Miller and Darryl Wright, even though [the NLRB] knew that Daly Seven was indeed retaliating . . . and . . . its company attorney was in violation of [the NLRA]." (Compl. ¶ 23.) Plaintiff's wrongful conversion claim addresses the alleged "malicious and intentional miscalculation of [Plaintiff's] tax withholding" by Daly Seven, "with the consent of the NLRB." (*Id.* ¶¶ 9(h), 17-20.) Likewise, his claim of negligence directly relates to the decision not to reinstate Charge 11-CA-60617 against Daly Seven for further prosecution. (*Id.* ¶¶ 27-28.) All of these allegations deal specifically with prosecutorial decisions under the authority of the General Counsel in which the Court lacks jurisdiction to conduct a judicial review. The decision to dismiss Plaintiff's charge involving retaliation of his previous co-workers is unreviewable (*United Food*, 484 U.S. at 125),[3] and the decision not to reinstate Plaintiff's charge involving himself falls squarely within prehearing

---

[3] Moreover, as to Charge 11-CA-77369, Plaintiff never filed an appeal of the dismissal with the General Counsel of the NLRB, pursuant to 29 C.F.R. § 102.19. *See Ashley v. Nat'l Labor Relations Bd.*, 454 F. Supp. 2d 441, 447 (M.D.N.C. 2006) *aff'd on other grounds sub nom. Ashley v. N.L.R.B.*, 255 F. App'x 707 (4th Cir. 2007) ("[T]he NLRA grants the NLRB primary jurisdiction over . . . unfair labor practices claims, thereby divesting this court of jurisdiction unless and until Plaintiffs exhaust available administrative remedies.")

dismissal or settlement determinations which are also prosecutorial in nature. (*Id.* at 126.)[4] Plaintiff even eludes to the latter in his response brief: "Whether the NLRB desires to commence further action against Daly Seven on the original unfair labor practices charges . . . is undisputedly well within their prosecutorial discretion: [*United Food*] pretty clearly gives them that option." (Pl.'s Br. at 8, Docket Entry 23.) Because the Court lacks jurisdiction to review such prosecutorial conduct, Plaintiff's claims against the NLRB should be dismissed.[5]

In any event, to the extent Plaintiff seeks money damages against the NLRB, his complaint should be dismissed for failure to comply with administrative requirements under the FTCA. Because Plaintiff's claims are against the federal government and its agencies, sovereign immunity is presumed and cannot be overcome without an express statutory waiver. *Research Triangle v. Bd. of Gov. of Fed. Reserve Sys.*, 132 F. 3d 985, 987 (4th Cir. 1997). "Under settled principles of sovereign immunity, the United States as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Dalm*, 494 U.S. 596, 608 (1990); *NLRB. v. Nash-Finch Co.*, 404 U.S. 138, 147 n. 4 (1971) ("Actions against the National Labor Relations Board are dismissed on the ground that they are against a federal agency exercising a governmental regulatory function and so are suits against the United States, which cannot be sued without the consent of Congress.") Through the FTCA, Congress has waived

---

[4] A narrow exception to the NLRB's exclusive jurisdiction is not argued by Plaintiff, nor is it applicable here. *See Leedom v. Kyne*, 358 U.S. 184, 189 (1958) (district court jurisdiction lies where NLRB action clearly in excess of statutory authority).

[5] Plaintiff also seeks issuance of a declaratory judgment and an order to the NLRB to reissue the formal complaint and continue proceedings against Daly Seven, which is not within the Court's power. *See Wellington Mill Div., W. Point Mfg. Co. v. N. L. R. B.*, 330 F.2d 579, 591 (4th Cir. 1964) ("A court has no power to order the General Counsel to issue a complaint. . . .").

sovereign immunity for certain tort claims against the United States. *See* 28 U.S.C. § 1346(b)(1). In order for a district court to have jurisdiction over FTCA claims, however, the claimant must first present the claim to the appropriate federal agency, and the agency must have denied the claim. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(b)(1); *Bullard v. Scotland Health Care Sys.*, No. 1:09CV362, 2009 WL 2872717 at *4 (M.D.N.C. Sept. 3, 2009). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994).

A plaintiff bears the burden of proving compliance with the administrative requirements. *Kielwien v. United States*, 540 F.2d 676, 679 n. 6 (4th Cir. 1976). The Court first notes that Plaintiff has named the federal agency (the NLRB) rather than the United States in this action. *See Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.2 (4th Cir. 1990) (citing *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir.1982) ("The Tort Claims Act requires, among other things, that suit be brought against the United States rather than the agency itself . . . .") Moreover, Plaintiff makes no allegation in his complaint that the purported tort claims he is asserting were ever presented to the NLRB which he is suing. Because the record contains no indication that Plaintiff filed an administrative claim, Plaintiffs' claims against the NLRB must be dismissed for lack of subject matter jurisdiction. *See Whedbee v. United States*, 352 F. Supp. 2d 618, 628 (M.D.N.C. 2005).[6]

---

6 The NLRB's argument for dismissal on other grounds also has merit. However, because the undersigned recommends dismissal for lack of subject matter jurisdiction, the Court will not address this argument.

2. Daly Defendants

Daly Defendants also assert that the Court lacks subject matter jurisdiction because the alleged conduct falls within the exclusive jurisdiction of the NLRB. (Daly Defs.' Br. at 10, Docket Entry 22.) Furthermore, they assert that Plaintiff's request for declaratory relief should be dismissed for lack of jurisdiction. (*Id.* at 20.) Alternatively, Daly Defendants argue that the case should be dismissed under Rule 12(c). Specifically, Daly Defendants argue that Plaintiff fails to state a claim for breach of contract and wrongful conversion, and in any event, the appropriate relief for such claims should be pursued through the administrative procedures of the Internal Revenue Service. (*Id.* at 15-19.)

Like the NLRB, Daly Defendants also assert that Plaintiff seeks judicial review of non-reviewable prosecutorial acts of the NLRB. As previously stated, such decisions by the NLRB fall within its exclusive jurisdiction therefore divesting this Court of jurisdiction over Plaintiff's claims. *United Food*, 484 U.S. at 129. Moreover, to the extent Plaintiff's fraud and misrepresentation claim arises from alleged violations of Section 8 of the NLRA, it is also preempted under the *Garmon* doctrine. *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 245(1959). "When an activity is arguably subject to [section] 7 or [section] 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." *Id.* at 245; *see also Lontz v. Tharp,* 413 F.3d 435, 442 (4th Cir.2005)("[T]he same 'exclusive competence' of the NLRB which divests state courts of original jurisdiction over claims subject to Sections 7 and 8 also divests federal courts of such jurisdiction). Plaintiff's fraud and misrepresentation claim, in part, directly alleges

conduct from his third-party retaliatory charge with the NLRB. (*See* Compl. ¶¶ 10, 25.) Again, the Court must defer to the NLRB's exclusive jurisdiction and not interfere with its prosecutorial decision not to issue a complaint.[7]

In the alternative, Plaintiff's claims for breach of contract and wrongful conversion against Daly Defendants should be dismissed under Rule 12(c). Courts "apply[ ] the same standard for Federal Rule of Civil Procedure 12(c) motions as for motions made pursuant to Rule 12(b)(6)." *Independence News, Inc. v. City of Charlotte,* 568 F.3d 148, 154 (4th Cir. 2009); *see also The N.C. Farmers' Assistance Fund, Inc. v. Monsanto Co.*, 740 F. Supp. 2d 694, 703 (M.D.N.C. 2010) ("Although distinct from a motion to dismiss, a motion brought under Rule 12(c), at least when essentially asserting a failure to state a claim upon which relief may be granted, is subject to the same standard.") A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or

[7] Plaintiff's Complaint also seeks a declaratory judgment "that there are sufficient grounds to charge Daly Seven, Inc., and Jon M. Daly, Jr. with a violation of Section 12 of the National Labor Relations Act." (Compl. ¶ 29(b)). Section 12 of the NLRA outlines criminal penalties for interference with the performance of the NLRB's duties. 29 U.S.C. § 162. Although Plaintiff's request is not entirely clear, if he asks the Court to institute a criminal matter against Defendants, such a request in this civil action is improper. *See United States v. Batchelder,* 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")

arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). Pro se complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir 1998).

Plaintiff's claims for breach of contract and wrongful conversion are preempted by 26 U.S.C. § 7422. It states in relevant part:

> **(a) No suit prior to filing claim for refund.**--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). When required to do so by applicable regulations, employers are obligated to withhold federal taxes pursuant to 26 U.S.C. § 3402. "Except as otherwise provided . . ., every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures . . ." 26 U.S.C. § 3402(a)(1). Thus, the employer is liable for such tax payments, "and shall not be liable to any person for the amount of any such payment." 26 U.S.C. § 3403.

At the core of Plaintiff's claims for breach of contract and wrongful conversion is an alleged overpayment of taxes relating to the settlement amount of $15,000.00. In other circumstances where claims are nothing more than disputes as to wrongful tax withholdings, other courts have held that such claims are preempted by § 7422. *See e.g.*, *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 68 (3d Cir. 2008) (unjust enrichment claim amounts to allegations of wrongfully collected taxes); *Sigmon v. Sw. Airlines Co.*, 110 F.3d 1200, 1204 (5th Cir. 1997) ("Although the collection may ultimately have been erroneous, the Internal Revenue Code provides the exclusive remedy for the erroneous or illegal collection of taxes . . . ."); *Burda v. M. Ecker Co.*, 954 F.2d 434, 439 (7th Cir. 1992) (Plaintiff fails to state a claim where she essentially challenges federal tax withholdings from settlement agreement); *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984) ("Employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability."); *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1410 *amended sub nom. Brennan v. Sw. Airlines*, 140 F.3d 849 (9th Cir. 1998) ("[26 U.S.C. § 7422(a)] means that if someone wrongfully collects money as a tax, then a suit to recover the sum constitutes a tax refund suit . . .") Here, Plaintiff's claims for wrongful conversion and breach of contract challenge the tax amount withheld from the total settlement amount; therefore, Plaintiff's remedy begins with the Internal Revenue Service and not an action against Defendants. Although Plaintiff asserts Daly Seven lacked justification for its excessive withholdings, he does so "notwithstanding the fact that the funds withheld for 'taxes' might have indeed afterward been reported to the [Internal Revenue Service] or paid as a part of a quarterly tax

return." (Compl. ¶ 19.) Because Plaintiff's claims for breach of contract and wrongful conversion really constitute a tax refund suit, such claims should be dismissed.[8]

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants' motions to dismiss (Docket Entries 19, 21) be **GRANTED**, and Plaintiff's motion for summary judgment (Docket Entry 29) be **DISMISSED** as moot.

Joe L. Webster
United States Magistrate Judge

July 22, 2014
Durham, North Carolina

[8] Having found that the Court lacks jurisdiction to hear Plaintiff's claims, the Court will not address Plaintiff's motion for summary judgment.